1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RUDY GARCIA,

11              Plaintiff,                    CIV S-06-00826 MCE EFB

12        vs.

13   LARRY GAINES LIVING TRUST,
     QUASSAM TARIQ,                    FINDINGS & RECOMMENDATIONS

14
                Defendants.
15   _____/

16        This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) for

17   consideration of plaintiff's motion for entry of default judgment against Quassam Tariq, the only

18   remaining defendant in this action.[1]

19   **I.  BACKGROUND**

20        This case is proceeding on the amended complaint filed June 20, 2006.  Plaintiff alleges

21   violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and seeks

22   damages and injunctive relief under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*

23        Plaintiff is a permanently disabled wheelchair user.  First Amended Complaint ("FAC"),

24   at ¶ 1; Declaration of Rudy Garcia in Support of Application for Default Judgment ("Garcia

25   _____

26        [1]  Defendant Larry Gaines Living Trust was dismissed from this action on November 2,
     2006, pursuant to Fed. R. Civ. P. 41(a).

1

1    Decl."), at ¶ 2.  Defendant Quassam Tariq is the operator of the Sacramento Tire and Wheels

2    store at 5889-C, Stockton Blvd., Sacramento, California (hereafter "the Store").  FAC, at  ¶ 2;

3    Declaration of Thomas N. Stewart in Support of Plaintiff's Application for Default Judgment

4    ("Stewart Decl."), at ¶ 2.  The Store is a public accommodation, but lacks accessible parking.

5    *Id.*, at ¶ 3.  On March 14, 15 and 17, 2006, plaintiff patronized the Store, and was subjected to

6    barriers in the Store's parking lot, due to the lack of accessible parking.  *See* Declaration of Rudy

7    Garcia in Support of Application for Default Judgment ("Garcia Decl."), at ¶¶ 4-6.

8         Alleging violations of federal and state disability laws, plaintiff commenced this action

9    on March 17, 2006.  Defendant Tariq was served with the summons and complaint, but has

10   failed to respond or otherwise appear in this action.  The Clerk entered default against defendant

11   Quassam  Tariq on November 2, 2006.  Accordingly, plaintiff now moves for entry of default

12   judgment pursuant to Fed. R. Civ. P. 55(b).

13   **II.  DISCUSSION**

14       **A.  <u>Standard</u>**

15       Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter

16   default when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  In

17   this case, default was established by plaintiff and entered by the Clerk on July 15, 2005.  Now

18   before the court is plaintiff's application for entry of default judgment against defendant

19   pursuant to Fed. R. Civ. P. 55(b)(2).  It is within the sound discretion of the district court to grant

20   or deny a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making

21   this determination, the court considers the following factors:

22             (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
              substantive claim, (3) the sufficiency of the complaint, (4) the sum of
23            money at stake in the action, (5) the possibility of a dispute concerning the
              material facts, (6) whether the default was due to excusable neglect, and
24            (7) the strong policy underlying the Federal Rules of Civil Procedure
              favoring decisions on the merits.

25

26   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

1      **B.  Analysis**

2          The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default

3   judgment were not granted because without the requested relief, plaintiff and others similarly

4   situated to him would continue to face barriers at the Store.  Further, if defendant never files a

5   responsive pleading, the case will never be at issue, and plaintiff would be denied a judicial

6   determination of his claims under applicable state and federal laws.

7          The second and third factors also weigh in plaintiff's favor.  As a general rule, once

8   default is entered, the factual allegations of the complaint are taken as true, except for those

9   allegations relating to the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18

10  (9th Cir. 1987) (citations omitted).

11         Here, the facts as plead by plaintiff establish that he is entitled to the statutory damages

12  and injunctive relief he seeks.  In particular, the injunction plaintiff requests is based on the

13  theory of "readily achievable" barrier removal.  Pursuant to 28 C.F.R. § 36.304, "a public

14  accommodation shall remove architectural barriers in existing facilities . . . where such removal

15  is readily achievable, i.e., easily accomplishable and able to be carried out without much

16  difficulty or expense."   That regulation lists "creating designated accessible parking spaces" as

17  an example of such barrier removal.  28 C.F.R. § 36.304(b)(18).  Plaintiff has alleged that

18  defendant's store is a public accommodation, and that the lack of accessible parking created a

19  barrier to accessing the Store's services.  Plaintiff seeks an injunction requiring defendant to

20  identify one of his parking spaces as reserved for the disabled (by painting a three-inch square

21  International Symbol of Accessibility in it) and to paint an adjacent eight-inch wide access aisle

22  on the passenger's side.  Plaintiff's counsel avers that such modifications would require about

23  "$200 of paint and one to two hours of labor."  *See* Plaintiff's Application for Default Judgment,

24  at p. 3; Stewart Decl., at ¶¶ 5, 6.  The court finds such modifications to be readily achievable.

25         The court further finds that plaintiff is entitled to statutory damages pursuant to

26  California Civil Code 54.3.  That section provides:

1       Any person or persons, firm or corporation who denies or interferes with
2       admittance to or enjoyment of the public facilities as specified in Sections 54 and
    54.1 or otherwise interferes with the rights of an individual with a disability under
3       Sections 54, 54.1 and 54.2 is liable for *each* offense for the actual damages and
    any amount as may be determined by a jury, or the court sitting without a jury, up
4       to a maximum of three times the amount of actual damages *but in no case less*
    *than one thousand dollars ($1,000)*, and attorney's fees as may be determined by
    the court in addition thereto, suffered by any person denied any of the rights
5       provided in Sections 54, 54.1, and 54.2

6   Cal. Civ. Code § 54.3 (emphasis added).

7       Under the Unruh Civil Rights Act, proof of actual damages is not a prerequisite to the

8   recovery of minimum statutory damages. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835

9   (9th Cir. 2000).  Plaintiff need only establish that he or she was denied equal access on a

10  particular occasion.  *Id.* (citations omitted).  In *Botosan*, denial of equal access was shown by

11  defendant's lack of accessible parking.  *Id.*  The statute further provides that plaintiff may be

12  awarded damages for each incident of deterrence.  *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837,

13  847 (9th Cir. 2004).

14      Here, plaintiff has alleged that defendant's store lacked accessible parking, that plaintiff

15  encountered barriers to accessibility and was denied equal access to the Store as a result thereof,

16  and that plaintiff was deterred from patronizing the business.  *See* FAC, at ¶¶ 11-13; Garcia

17  Decl., at ¶¶ 2-6.  Plaintiff seeks the minimum $1,000 in damages for each incident that he

18  encountered barriers at the store (on March 14, 15, and 17 of 2006).  Garcia Decl., at ¶¶ 4-6.

19      The court finds that plaintiff has sufficiently stated a claim for injunctive relief and

20  statutory damages under the Unruh Act.  Thus, the second and third *Eitel* factors weigh in favor

21  of granting the default judgment.

22      The fourth *Eitel* factor, the sum of money at stake, weighs in plaintiff's favor for the

23  reason that he only seeks minimum statutory damages and the injunctive relief is relatively

24  inexpensive to achieve.  With regard to the fifth factor, the allegations in the complaint are taken

25  as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to

26  contradict them.  Accordingly, no genuine issue of material fact exists.

1    The sixth factor also weighs in plaintiff's favor since defendant has failed to make any

2  appearance in this case. Such failure to respond cannot be deemed "excusable neglect."

3    Finally, only the seventh *Eitel* factor weighs against granting the motion for default

4  judgment.  A strong policy underlying the Federal Rules of Civil Procedure favor decisions on

5  the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the

6  complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc.*

7  *v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendant's

8  failure to appear or respond to plaintiff in any way, this factor does not preclude an entry of

9  default judgment. *Id.* at 393.  Thus, on balance, the factors weigh in favor of granting plaintiff's

10  motion for entry of default judgment.

11    The court notes that plaintiff seeks an award of attorney's fees and costs, but asks to

12  make such application after this motion is resolved.  Thus, plaintiff shall file an application for

13  fees and costs pursuant to Local Rules 54-292 and 54-293 after entry of the district judge's order

14  on these findings and recommendations.

15  **III.  CONCLUSION**

16    In light of the foregoing, IT IS RECOMMENDED that:

17    1.  Plaintiff's application for entry of default judgment against defendant Quassam Tariq

18  be granted;

19    2. Plaintiff be awarded judgment against Quassam Tariq for statutory damages pursuant

20  to California Civil Code Section § 54.3 in the amount of $3,000;

21    3. That plaintiff's request for injunctive relief be granted such that defendant shall be

22  ordered to (a) identify one of the Store's parking spaces as being reserved for the disabled, by

23  painting a three-inch square International Symbol of Accessibility in it; (b) create an eight-inch

24  wide access aisle immediately adjacent to the accessible parking space, on the passenger side, by

25  marking the area with diagonal lines; and (c) complete such modifications within 90 days of

26  service of the order entering judgment against him;

1    4.  The court reserve ruling on plaintiff's request for attorney's fees and costs pending

2  plaintiff's application under Local Rules 54-292 and 54-293 to filed after the district court's

3  order regarding these findings and recommendations and;

4    5.  The Clerk be directed to close this case.

5    These findings and recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within ten (10) days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

13  951 F.2d 1153, 1157 (9th Cir. 1991).

14  DATED:  April 16, 2007.

15

16                    EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26