UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUDY GARCIA,

        Plaintiff,

   v.

QUASSAM TARIQ,

        Defendants.

No. 2:06-cv-00826-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Through the present motion, Plaintiff Rudy Garcia ("Plaintiff") seeks attorney's fees and litigation expenses, pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), following his default judgment against Defendant Quassam Tariq, ("Defendant") for violations of Title III of the ADA pertaining to the Sacramento Tire and Wheels store located at 5889-C Stockton Boulevard, Sacramento, California. Plaintiff requests $6,600.00 for fees incurred by his attorney, and $478.00 in costs and litigation expenses, for a total of $7,078.00.  Defendants do not oppose Plaintiff's motion.
///

1

**BACKGROUND**

This dispute arises from Plaintiff's claim that he encountered various architectural barriers when attempting to visit Sacramento Tire and Wheel's facility. Plaintiff is unable to walk distances over twenty-five (25) yards or for more than five (5) minutes without the use of wheelchair. Plaintiff was not able to gain equal access to the facility because of a lack of accessible parking.

Plaintiff filed his complaint against Quassam Tariq and the Larry Gaines Living Trust, on April 17, 2006. The Larry Gaines Living Trust was dismissed voluntarily as a defendant on November 2, 2006. Thereafter, his counsel conducted site assessments of the Sacramento Tire and Wheel facility and noted numerous ADA violations, including a lack of accessible parking and restroom facilities. On May 17, 2007, default judgment was entered against Defendant. The Court ordered the Defendant to (a) identify one of the Store's parking spaces as being reserved for the disabled, by painting a three-inch square International Symbol of Accessibility in it; (b) create an eight-inch wide access aisle immediately adjacent to the accessible parking space, on the passenger side, by marking the area with diagonal lines; and (c) complete such modifications within 90 days of service of the order entering judgment against him. The court reserved ruling on Plaintiff's request for attorney's fees and costs pending Plaintiff's application under Local Rules 54-292 and 54-293.

///

1  In its motion for default judgment, Plaintiff dropped some of his
2  demands pertaining to other alleged violations identified in the
3  complaint, specifically, claims pertaining to deficiencies
4  involving the men's restroom.
5      Since the Court ordered it would retain jurisdiction to hear
6  Plaintiff's request for fees and expenses, the present motion was
7  filed on May 22, 2007.

## STANDARD

Plaintiff's complaint alleged violations of federal and California law.  Plaintiff's federal claim arose under the ADA, while her state law claims arose under the California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code § 54-55.

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  A prevailing plaintiff under a statute so worded "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002), quoting Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party.  Id.

///

3

Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

## ANALYSIS

Quassam Tariq does not dispute that this Court has discretion to award Plaintiff, as the prevailing party in this litigation, attorney's fees, as well as costs and litigation expenses, in pursuing his case. Nor does Quassam Tariq challenge the requested attorney's fees and costs as unreasonable or excessive.

This Court must therefore determine the extent to which attorneys' fees and litigation expenses are recoverable. In making that assessment, the Court must identify the applicable "lodestar" for calculating attorneys' fees. Under the lodestar method, a court multiplies the number of hours the prevailing attorney reasonably expended on the litigation by a reasonable hourly rate. *See* Hensley, 461 U.S. at 433; *see also* Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other aspects of the case.

*See* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); *see also* Serrano v. Priest, 20 Cal. 3d 25 (1977). That adjustment can go either upwards or downwards depending on the circumstances present. Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Turning first to the number of hours reasonably billed, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable and do not need to be adjusted. Accordingly, after analyzing the billing entries generated by Plaintiff's counsel the Court finds the total of 26.4 hours billed by Thomas Stewart at $250/hour are reasonable.

The above analysis all pertains to the reasonableness of the number of hours for which compensation is sought. The second step of the lodestar analysis requires that the rate sought to be charged per hour also be reasonable. Courts generally calculate reasonable hourly rates according to the prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento. Gates v. Deukmejian, 987 F.2d 1392,1405 (1993); Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), *cert. denied* 502 U.S. 899 (1991).

The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11. A court will normally deem a rate determined this way to be reasonable. Id.

The Court agrees with Plaintiff that the $250/hour rate sought on behalf of attorney Thomas Stewart is reasonable. Plaintiff has sufficiently presented authority that supports this rate as reasonable. See, e.g., <u>White v. Save Mart</u> (S-03-2402 MCE KGM, Order filed October 20, 2005, page 7:9); <u>Martinez v. Longs Drug</u> (S-03-1843 DFL CMK, Order filed November 28, 2005, page 19:7); <u>Sanford v. GMRI</u> (S-04-1535 DFL CMK, Order field November 11, 2005, page 11:19) and; <u>Hubbard v. Twin Oaks</u> (S-03-725 LKK CMK, Order filed April 7, 2005, page 4:25). [The rate shown in Plaintiff's counsel's time and expense records is $295, which is the rate Plaintiff's counsel charges in cases brought in the Northern District.]

In assessing whether the lodestar figure should be adjusted, the Court must consider the extent to which Plaintiff prevailed on the demands presented. <u>Schwarz v. Sec'y of Health & Human Servs.</u>, 73 F.3d 895, 901 (9th Cir. 1995). In cases achieving partial success, courts must follow a two-part analysis in deciding whether to reduce an attorneys' fee award:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only partial or limited success' was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

///

///

Id. at 901-02.  In determining whether the unsuccessful and successful claims are related,

> ...the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised. Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same course of conduct.

Id. at 903, quoting Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986).  If a court finds the unsuccessful claims to be unrelated to the successful claims, it may either attempt to identify specific hours that should be eliminated or simply reduce the award to account for the limited success.  Id. at 904.

In the present matter, the Court finds it would be inappropriate to reduce the lodestar figure based on Plaintiff's limited success.  Each of the violations claimed by Plaintiff represent different and unrelated claims that are premised on different sections of the ADA Accessibility Guidelines to determine liability.  Claims pertaining to the accessibility of the parking lot are completely separate from claims relating to restroom access.  However, Plaintiff did not proceed with the original claims relating to restroom access because he did not believe it was appropriate to incur the additional legal and expert expenses, or the additional time that would have been required of the Court.  In his motion for default judgment, Plaintiff gave notice he was not proceeding with the claims relating to restroom access and he is not requesting compensation for any legal work relating to those claims.  Therefore, Plaintiff's requested attorney's fees will not be adjusted because of partial success.

7

1  Lastly, Plaintiff may recover, as part of the award of his
2 fees in this matter, litigation expenses pursuant to 42 U.S.C. §
3 2205.  The term "litigation expenses" in Section 12205 has been
4 interpreted to include "the same out-of-pocket expenses that are
5 recoverable under 42 U.S.C. § 1988." Robbins v. Scholastic Book
6 Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996).  Under Section
7 1988, Plaintiff recover those out-of-pocket expenses that "would
8 normally be charged to a fee paying client." Harris v.
9 Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).

10  As stated above, Plaintiff seeks a total of $478.00 in costs
11 and litigation expenses.  Defendant has not opposed that amount.
12 Plaintiff has submitted an invoice from 1st Nationwide Legal
13 Services that lists the fees for serving the defendant, totaling
14 $128.00.  Plaintiff is also requesting the amount of the filing
15 fee, which is $350.00.  These two costs are properly subject to
16 reimbursement.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the foregoing, Plaintiff is entitled to reasonable attorneys' fees in the amount of $6,600.00 and reasonable litigation expenses in the amount of $478.00, for a total of $7,078.00.  Plaintiff will accordingly be awarded that amount.[1]

IT IS SO ORDERED.

Dated: August 30, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).